The Honorable Marvin Steele State Representative 912 West Barton Avenue West Memphis, AR 72301-2803
Dear Representative Steele:
You have requested an Attorney General opinion in response to the following question:
 Is a city attorney who prosecutes state law violations pursuant to A.C.A. § 16-21-115 exempt from the payment of the statutory filing fees for a garnishment filed under A.C.A. § 5-4-204 for the collection of delinquent fines and costs?
It is my opinion that a city attorney is exempt from paying filing fees for a garnishment that is filed for the collection of delinquent fines and costs arising out of the prosecution of a state law violation.
You indicate that your question arises out of the fact that a city would like to collect some of its delinquent fines and costs in municipal court through the process of garnishments, pursuant to A.C.A. § 5-4-204.[1]
You note that under A.C.A. § 16-17-126, there is a $10.00 filing fee for the filing of garnishment actions. Although the city attorney would pay this fee to the municipal court, and the fee would remain in the city, you state that such a payment could create bookkeeping difficulties. For this reason, you are interested in whether an exemption is available. As explained below, I believe that an exemption is available to city attorneys.
Under A.C.A. § 16-10-304, "prosecuting attorneys" are exempt from paying filing fees in actions that are filed "on behalf of the state."[2]
It is my opinion that in order for this exemption to be available to a city attorney, the city attorney must qualify as a "prosecuting attorney," and the garnishment action must be instituted for the purpose of collecting amounts that arose out of the prosecution of a state law violation.
City attorneys clearly qualify as "prosecuting attorneys." Rule 1.6(b)(ii) of the Arkansas Rules of Criminal Procedure defines the term "prosecuting attorney" to include city attorneys, for purposes of those rules. Moreover, this office has previously opined that city attorneys who prosecute state law violations under the direction of A.C.A. §16-21-115 have all of the same powers held by other prosecuting attorneys — even if they have not been formally deputized. See Op. Att'y Gen. No.95-363.
A garnishment action that is filed for the purpose of collecting amounts that arose out of the prosecution of a state law violation is clearly an action filed "on behalf of the state," because it is an action filed for the purpose of furthering the enforcement of state law.
Accordingly, if a city attorney files a garnishment action for the purpose of collecting delinquent fines and costs that arose out of his or her prosecution of a state law violation, or an appeal from a conviction for such violation, that city attorney has, in my opinion, filed an action "on behalf of the state," within the meaning of A.C.A. §16-10-304.
I therefore conclude that city attorneys who prosecute state law violations pursuant to A.C.A. § 16-21-115 are exempt from payment of the statutory filing fees for filing a garnishment action to collect the delinquent fines and costs arising out of that state law prosecution.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] A.C.A. § 5-4-204 states in pertinent part:
 (a) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the fine or costs may be collected by any means authorized for the enforcement of money judgments in civil actions.
A.C.A. § 5-4-204(a).
[2] A.C.A. § 16-10-304 states in full:
 Prosecuting attorneys filing actions on behalf of the state, with the exception of child support cases, shall be exempt from paying filing fees.